[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} After entering guilty pleas, the defendant-appellant, Michael Johnson, was convicted of voluntary manslaughter, in violation of R.C. 2903.03(A), with a gun specification, and robbery, in violation of R.C. 2911.02. He was sentenced pursuant to a plea agreement to 15 years in the Ohio Department of Corrections, with credit for 294 days served.
{¶ 3} Pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, Johnson's counsel has advised this court that, after a thorough review of the record, she is unable to discern any arguable assignments of error to present on appeal. Counsel has stated that Johnson has communicated to her that he believes that his sentence was too harsh; that his pleas were not voluntary; and that the trial court should have granted his motion to suppress. Cognizant of her client's concerns, counsel states that she has still been unable to identify any arguable error in the record. She requests that this court review the record independently to determine whether the proceedings in the trial court were free from prejudicial error. Freels v. Hills (C.A.6, 1988),843 F.2d 958. She has also filed a motion to withdraw as counsel.
{¶ 4} After reviewing the entire record, including the trial court's sentencing worksheet, we are satisfied that Johnson's counsel has provided him with a diligent search of the record, and that she has correctly concluded that the proceedings below were free from prejudicial error. See Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346. Therefore, counsel's motion to withdraw is denied and the judgment of the trial court is affirmed.
{¶ 5} Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Johnson because he is indigent.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
SUNDERMANN, P.J., GORMAN and WINKLER, JJ.